# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Sylvia A. Williams,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.

Case No. 2:17-cv-831
Judge Michael H. Watson
Magistrate Judge Vascura

## OPINION AND ORDER

On September 5, 2018, Magistrate Judge Vascura issued a Report and Recommendation ("R&R") recommending the Court overrule Sylvia A. Williams's ("Plaintiff") Statement of Specific Errors and affirm the Commissioner's decision in this social security case. R&R, ECF No. 16. Plaintiff objects to the R&R. Obj., ECF No. 17. For the following reasons, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the R&R.

## I. PROCEDURAL HISTORY

Plaintiff filed for disability insurance benefits and supplemental security income in 2014. Her applications were denied initially and on reconsideration. Plaintiff then sought a *de novo* hearing before an Administrative Law Judge ("ALJ"). After holding such a hearing, the ALJ issued a decision finding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review and affirmed the decision. Plaintiff thereafter filed suit in this Court.

## II. STANDARD OF REVIEW

When a party objects to an R&R within the allotted time, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

It is well settled that, when objecting to an R&R, a party must make "specific written objections" to the magistrate judge's proposed findings and recommendations. Fed R. Civ. P. 72(b)(3). A general statement that the magistrate judge erred does not aid judicial efficiency, the purpose "for which the use of magistrates [was] authorized." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Holl v. Potter*, No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011), *aff'd*, 506 F. App'x 438 (2012) ("Objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived.").

Furthermore, in Social Security cases, the Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to the proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). In this context,

"[s]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance . . . .'" *Rogers*, 486 F.3d at 421 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). Put another way, "[s]ubstantial evidence exists when a 'reasonable mind might accept' the relevant evidence 'as adequate to support a conclusion.'" *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (quoting *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1997)).

## III. ANALYSIS

Plaintiff's sole objection is that the ALJ failed to give good reasons for discounting the opinion of her treating physician, Dr. Figg. Obj. at 2, ECF No. 17. In particular, Plaintiff objects to the ALJ's reliance on (1) the absence of evidence documenting five or more hospital visits in a single month to discredit Dr. Figg's opinion that Plaintiff would miss five or more days of work per month due to her condition, and (2) Plaintiff's ability to ambulate without an assistive device to discredit Dr. Figg's recommended walking limitations. *Id.*

Plaintiff asserts that the ALJ erred by requiring these very specific types of evidence before crediting her treating physician's opinion. However, after conducting a *de novo* review, the Court finds that the ALJ properly discounted Dr. Figg's opinions because they were unsupported by the record as a whole, not merely because these specific types of evidence were absent from the record.

The opinion of a claimant's treating physician is entitled to controlling weight, so long as it "is well-supported by medically acceptable clinical and

laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [claimant's] case record." 20 C.F.R. § 404.1527(c)(2). If an ALJ does not give a treating source's opinion controlling weight, he or she must apply certain factors (including the length and nature of the treating relationship, supportability of the opinion, and consistency of the opinion with the record as a whole) in determining what weight to give the opinion. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Furthermore, an ALJ must "always give good reasons in [the ALJ's] notice of determination or decision for the weight [the ALJ] give[s] [a claimant's] treating source's opinion." 20 C.F.R. § 416.927(c)(2). Accordingly, the ALJ's reasoning "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 550 (6th Cir. 2010) (internal quotation omitted).

Here, the ALJ's decision to discount Dr. Figg's opinion was supported by substantial evidence. Dr. Figg's medical source statement was a pre-printed "check the box" form and did not contain narrative explanations for the limitations he recommended. While Plaintiff is correct that the form the opinion takes is not determinative, check-box limitations that are unsupported by treatment records and inconsistent with other record evidence need not be given controlling weight. 20 C.F.R. § 404.1527(c)(2), (c)(3); *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 470–72 (6th Cir. 2006) ("An ALJ may accomplish the goals of the 'good

reasons' requirement by indirectly attacking the supportability of the treating physician's opinion . . . ."). As the Magistrate Judge pointed out, "there is no apparent evidence in the record reflecting a basis for Dr. Figg's conclusion that Plaintiff would miss five or more days of work per month," and Plaintiff points to none in her objection. R. & R. at 14, ECF No. 16. And even though both the ALJ and the Magistrate Judge mentioned that "there is no indication in the record that Plaintiff required treatment five or more times per month," (*id.*), it appears they both used treatment frequency as an example of the type of evidence that might support frequent work absences and did not exclusively base their decisions on Plaintiff's treatment frequency.

As to Dr. Figg's opinion that Plaintiff could walk for no more than a total of one hour in an eight-hour work day, and that she could walk for no more than 15 minutes at a time, this opinion is also unsupported by the record. Again, although the ALJ and the Magistrate Judge mentioned that Plaintiff could ambulate effectively without an assistive device (R. & R. at 15, ECF No. 16), there is no indication that either relied exclusively on this point. Both the ALJ and the Magistrate Judge also pointed out that Plaintiff's activities of daily living (cooking, washing dishes, driving, shopping for groceries, and successfully attending school for two years during her period of alleged disability) conflict with Dr. Figg's opinion. *Id.* Moreover, Plaintiff was able to ambulate normally during emergency treatment. *Id.*

Additionally, the ALJ did include some walking limitations in the residual functional capacity:

> After careful consideration of the entire record, the undersigned finds the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant could occasionally perform all postural maneuvers, with the further exception that the claimant could never crawl and could never climb ladders, ropes, or scaffolds.

ALJ Decision at 7, ECF No. 8, PAGEID #78. By limiting Plaintiff to sedentary work, the ALJ limited Plaintiff to jobs requiring only "occasional" walking and standing. 20 C.F.R. § 404.1567(a). In the social security context, a task is required "occasionally" if it "occur[s] from very little up to one-third of the time." SSR 83-10 (1983), 1983 WL 31251 at *5; *Handy v. Comm'r of Soc. Sec.*, No. 2:14-CV-1371, 2015 WL 6164112, at *1 (S.D. Ohio Oct. 21, 2015). As a result, the ALJ already limited Plaintiff to, at most, 2.67 hours of walking per day. Thus, the ALJ did not discount completely Plaintiff's need for walking limitations; he merely concluded the record did not support the more restrictive one-hour walking restriction recommended by Dr. Figg.

Plaintiff argues that the ALJ should have included the more restrictive walking limitation based on other evidence in the record that supports her difficulty ambulating, including a lumbar fusion and subsequent laminectomy in 2007 and ongoing reports of pain and difficulty walking. Obj. at 3, ECF No. 17. But the existence of evidence in Plaintiff's favor does not mean that the ALJ's decision to discount Dr. Figg's opinion was not supported by substantial

evidence. "This is the classic situation in which the record evidence could support two different conclusions. In such scenarios, the law obligates the court to affirm the ALJ's decision, because the ALJ is permitted to decide which factual picture is most probably true." *Waddell v. Comm'r of Soc. Sec.*, No. 1:17-CV-01078, 2018 WL 2422035, at *10 (N.D. Ohio May 10, 2018), *report and recommendation adopted*, 2018 WL 2416232 (May 29, 2018); *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) ("The substantial-evidence standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.") (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). The Court concludes that the ALJ acted reasonably within his "zone of choice" and did not err in his consideration and weighing of Dr. Figg's opinion.

## IV. CONCLUSION

For the reasons addressed above, Plaintiff's objections are **OVERRULED**. The Court **ADOPTS** the R&R and **AFFIRMS** the Commissioner of Social Security's decision. The Clerk is **DIRECTED** to enter judgment for Defendant and terminate this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**